# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| HERBERT W. MORRISON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:17-cv-875-NAB |
| v. | ) | |
| | ) | |
| ANDREW HALE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Herbert W. Morrison, Jr., an inmate at Southeast Correctional Center, for leave to commence this action without prepayment of the filing fee. The motion will be granted, and plaintiff will be given the opportunity to submit an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified inmate account statement showing an average monthly deposit of $179.15, and an average monthly balance of $55.73 The Court will therefore assess an initial partial filing fee of $35.83, twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

This Court is required to liberally construe a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a

stronger complaint"). Giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff describes the complaint as a "42 U.S.C. § 1983 complaint for damages for civil rights violations, 18 U.S.C. § 1030 complaint for damages for unauthorized access to a protected computer, and complaint in Replevin." (Docket No. 1 at 1). He names twelve defendants: law enforcement officers Andrew Hale, Timothy Sweeso, Shawn Reiland, Timothy Green; Steven Grim, and John Does 1-2; the City of Florissant; Assistant Prosecuting Attorney Ashley Bailey-Smith; and private citizens Tina Broadway, Robyn Ambs, and Kathleen Pickett. The complaint spans 53 pages, and contains multiple counts. Plaintiff's claims appear to relate to events that happened when he was investigated, arrested and prosecuted for possession and promotion of child pornography, child molestation, statutory sodomy, statutory rape, and sexual exploitation of a minor. He seeks monetary damages.

The complaint violates Rule 8(a) of the Federal Rules of Civil Procedure, which requires (in relevant part) that a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This complaint is far too long, and it brims with irrelevant and redundant statements, legalese, and conclusory statements. For example, plaintiff begins Count 1 by writing:

> Defendant Sweeso, by trickery, deceit, fraud, unethical practice for a public official, contrary to his oath of office and in violation of Plaintiff's right to be free from unreasonable search and seizure, was the direct and proximate cause of Plaintiff's residential property the subject of a warrantless exploratory search which was general in nature . . . On its face the search appears valid and judicially impenetrable, however, based on information known by Defendant Sweeso at the

time of the violation, the consent obtained was not in accordance with the Constitution.

(Docket No. 1 at 19). In Count 6, plaintiff writes:

> As a police officer, Defendant Grimm was sympathetic to the anger emanating from Defendant Hale by the allegation made by Defendant Hale's friend and fellow police officer's step-daughter, and believing he possessed the intellectual acuity to successfully conduct and conceal a unconstitutional [*sic*] search, entered into the data contents of Disc #20 in contravention to the Fourth Amendment.

(*Id.* at 28). The complaint also appears to advance claims against multiple defendants related to different searches, seizures of items, deprivation of the right to confront a witness at trial, and excessive force, to name a few. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences. "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.* Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a single defendant are valid.

Because plaintiff is proceeding *pro se*, the Court will give him an opportunity to file an amended complaint. In so doing, plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. Also, he should only include claims that arise out of the same transaction or occurrence. If plaintiff wants to pursue additional claims that relate to different transactions or occurrences, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed *in forma pauperis*. Alternatively, plaintiff may choose one single defendant and set forth as many claims as he has against him or her. Plaintiff must prepare the amended complaint using a Court-provided form. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual or official capacity.[1] If plaintiff is suing more than one defendant, he should do the same thing for each one. Plaintiff must file an amended complaint within twenty-one (21) days of the date of this Memorandum and Order. The filing of the amended complaint completely replaces the original. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $35.83 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint in accordance with the instructions set forth herein within twenty-one (21) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court may dismiss this action without prejudice and without further notice.**

Dated this 17th day of May, 2017.

       /s/ Nannette A. Baker              
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE