# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HERBERT W. MORRISON, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17CV875 NAB |
| ANDREW HALE, | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's amended complaint. For the reasons stated below, plaintiff's official capacity claims against defendant Andrew Hale will be dismissed, and the Clerk of Court will be directed to serve process upon Hale in his individual capacity.

Plaintiff, an inmate at Southeast Correctional Center, initiated this civil action by filing a complaint pursuant to 42 U.S.C. § 1983, alleging violation of his civil rights. He sought and was granted leave to proceed *in forma pauperis*, and his complaint was reviewed pursuant to 28 U.S.C. § 1915(e). The complaint spanned 53 pages and named twelve defendants, including law enforcement officers Andrew Hale, Timothy Sweeso, Timothy Green; Steven Grim, John Does 1-2; Assistant Prosecuting Attorney Ashley Bailey-Smith, and three private citizens. Plaintiff's claims related to events that happened when he was investigated, arrested and prosecuted for possession and promotion of child pornography, child molestation, statutory sodomy, statutory rape, and sexual exploitation of a minor. He sought monetary damages. Upon initial review, the Court determined that the complaint violated Rules 8 and 20 of the Federal Rules of Civil

Procedure, and directed plaintiff to file an amended complaint. Plaintiff timely complied, and the Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915(e).

In the amended complaint, plaintiff names as the sole defendant Andrew Hale, a law enforcement officer with the Florissant, Missouri Police Department. He alleges that Hale violated his rights under the fourth and fourteenth amendments to be free from excessive force, and from unreasonable searches and seizures. Plaintiff sues Hale in both his official and individual capacity, and he seeks monetary damages.

Having reviewed the amended complaint, the Court will order the Clerk to issue process or cause process to issue upon the amended complaint as to plaintiff's claims against Hale in his individual capacity. Plaintiff's official capacity claims against Hale will be dismissed. A suit against a public employee in his official capacity is the equivalent of a suit against the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In this case, Hale's employer is the City of Florissant Police Department. However, the City of Florissant Police Department is not an entity that is subject to suit under § 1983, *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (a police department is not a "juridical entit[y] suable as such"), and therefore claims asserted against it through its employees are legally frivolous and must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's official capacity claims against defendant Andrew Hale are **DISMISSED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint as to defendant Andrew Hale in his individual

capacity.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 17th day of August, 2017

                                            HENRY EDWARD AUTREY
                                      UNITED STATES DISTRICT JUDGE