UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HERBERT W. MORRISON, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17-cv-875-NAB |
| ANDREW HALE, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Presently before the Court is Plaintiff Herbert W. Morrison, Jr.'s Motion for an Order Compelling Discovery, (Doc. No. 46), and his Motion for an Order Compelling Supplemented Answers to Interrogatories (Doc. No. 48). The motions have been fully briefed and are ripe for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 20 U.S.C. § 636(c). (Doc. No. 21).

**I.    Background**

Morrison was arrested and prosecuted for sexual abuse, rape and sodomy of his adopted daughter. On June 29, 2015, Plaintiff pled guilty to multiple counts of child pornography, first degree child molestation, statutory rape, statutory sodomy, and sexual exploitation of a minor. *See State v. Herbert Morrison*, 21st Judicial Circuit Court, St. Louis County, Case No. 13SL-CR11557-01. Subsequently, Plaintiff filed this suit under 42 U.S.C. § 1983 against Defendant Andrew Hale, who was the arresting officer in connection with the underlying arrest and conviction. Plaintiff accuses Defendant of unreasonable search and seizure, excessive force, abuse of process, theft, conspiracy, and deprivation of various other rights in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

Plaintiff's Motion for an Order Compelling Discovery seeks a CD that contains the statement and investigative interview of one of Plaintiff's minor victims. Defendant objected to

Plaintiff's request, contending that because the CD contains the interview of a minor party, it infringes on that minor's right to privacy. Plaintiff asserts that his status as the minor's legal parent "overrules Defendant's specified objection." Plaintiff also contends that the contents of the CD are relevant to his claims of unreasonable search and seizure.

In Plaintiff's Motion for an Order Compelling Supplemented Answers to Interrogatories, he asks the Court to compel Defendant to provide answers to Interrogatories 1 and 6 in his request for information. In Interrogatory 1, Plaintiff seeks the identity of "the initial reporting party" in the underlying criminal investigation against him. Defendant objected to the interrogatory, stating, among other reasons, that it is irrelevant. In Interrogatory 6, Plaintiff seeks "the names and employers of each person who escorted Morrison to the Florissant . . . holding facility on November 11, 2013." Defendant objected, stating that the information was not reasonably calculated to lead to the discovery of admissible evidence, is irrelevant, and that the police report they already provided "speaks for itself."

## II.     Legal Standard

The Federal Rules of Civil Procedure relating to discovery permit each party to serve the opposing party with document requests and interrogatories which relate to "any matter that may be inquired into under Rule 26(b)." Fed.R.Civ.P. 33(a)(2) and 34(a). Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed.R.Civ.P. 26(b)(1). Where a party fails to cooperate in discovery, the propounding party may move the Court "for an order compelling an answer, designation, production, or inspection." Fed.R.Civ.P. 37(a)(3)(B). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v.*

*Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). "Upon a showing by the requesting party that the discovery is relevant, the burden is on the party resisting discovery to explain why discovery should be limited." *CitiMortgage, Inc. v. Allied Mortg. Group, Inc.*, 4:10CV1863 JAR, 2012 WL 1554908, at *2 (E.D.Mo. May 1, 2012).

## III. Discussion

Plaintiff, in his request for production of electronically stored information, sought "a CD containing the audio interview of M.M.; Florissant Police Department Property Receipt Barcode No. 147664." (Doc. No. 53 at 4). In his Motion for an Order Compelling Discovery, Plaintiff states that the CD "is of substantial relevance" to his claims relating to unreasonable search and seizure, because the underlying accusations against Plaintiff by M.M. "serve as the basis for the unlawful search of Plaintiff's residence," and the resultant seizure of Plaintiff's property. (Doc. No. 47 at 2). Defendant objects to the request, asserting that the CD "includes the victim's extensive description of the atrocious sexual acts against the victim" by Plaintiff, that the statement is entirely irrelevant to Plaintiff's claims against Defendant, and that the production of the CD would violate the victim's privacy and safety. (Doc. No. 51 at 2). The Court agrees with Defendant that the CD is wholly irrelevant to Plaintiff's claims against Defendant regarding unreasonable search and seizure. To be sure, the accusations against Plaintiff by M.M. were one factor that led to the search of Plaintiff's home. As Plaintiff knows, M.M. accused Plaintiff of sexual abuse, and the police subsequently searched his house. However, the Court does not believe that any additional details that may be found in the victim's statement could have any further bearing on the question of whether Defendant's search of Plaintiff's home and the resultant seizure of his belongings was reasonable or not. Because Plaintiff has not made a "threshold showing of relevance," Defendant's objections to the request will be sustained.

3

*Hofer*, 981 F.2d at 380.

In Plaintiff's Motion for an Order Compelling Supplemented Answers to Interrogatories, he asks the Court to compel Defendant to provide an answer to Interrogatory 1, which seeks the identity of "the initial reporting party" in the underlying criminal investigation against him, and asks whether that initial reporting party was "the step-daughter of a Florissant, Missouri police officer." Plaintiff asserts that this information is "of particular relevance to paragraph VI, subparagraph 7" in his complaint. In that subparagraph, Plaintiff claims that Defendant "conspired with two unknown males . . . to subject Plaintiff to unreasonable force." (Doc. No. 23 at 7). Defendant asserts that Plaintiff's request for information regarding a minor child's identity and familial relationship is "entirely irrelevant" to his claims against Defendant. The Court agrees. It is unclear how this information could have any relevance to Plaintiff's claim of excessive force. Plaintiff knows who his accusers were. The identity of the *first* party to make such an accusation has no apparent bearing on the question of whether excessive force was used against Plaintiff. This request for information has nothing at all to do with his claim, and there is no reason to compel Defendant to provide an answer.

In Plaintiff's Interrogatory 6, he seeks "the names and employers of each person who escorted Morrison to the Florissant . . . holding facility on November 11, 2013." Defendant objected, stating that the information was not reasonably calculated to lead to the discovery of admissible evidence, is irrelevant, and that the police report they already provided "speaks for itself." Plaintiff argues that the police report does not contain the names of these individuals, and that their identities are relevant to his claim. Defendant, in his response, asserts that the information is not relevant, because there is "no allegation in Plaintiff's complaint regarding any action by any officer during transport to Plaintiff's holding cell." (Doc. No. 50 at 3). That is

4

technically accurate, as Plaintiff's complaint does not specifically address the trip to the holding cell. However, Plaintiff does allege that on November 11, 2013, "two unknown males believed to be Florissant, Missouri, police officers" subjected him to unreasonable force, and that Defendant conspired with them to do so. (Doc. No. 23 at 7). It is apparent to the Court that Plaintiff seeks the names of the two individuals who allegedly injured him on November 11, 2013, as stated in his complaint. The names of these individuals constitute nonprivileged information that is relevant to Plaintiff's claim. *See* Fed.R.Civ.P. 26(b)(1). Defendant's objection to the interrogatory is denied, and Defendant must, within fourteen days of the date of this order, provide to Plaintiff the names of the two officers.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Order Compelling Discovery, (Doc. No. 46) is **DENIED**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's Motion for an Order Compelling Supplemented Answers to Interrogatories (Doc. No. 48) is **GRANTED** in part and **DENIED** in part as set forth above. Defendant is ordered to provide the names and employers of each person who escorted Morrison to the Florissant holding facility on November 11, 2013, within fourteen days after the date this order is entered.

Dated this 16th day of April, 2018.

        /s/ Nannette A. Baker
        NANNETTE A. BAKER
        UNITED STATES MAGISTRATE JUDGE