UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HERBERT W. MORRISON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:17-cv-875-NAB |
| v. ) | |
| ) | |
| ANDREW HALE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the Court on the motion for summary judgment filed by Defendant Andrew Hale ("Officer Hale" or "Defendant"). (Doc. 63). Also before the Court are multiple discovery motions filed by *pro se* Plaintiff Herbert W. Morrison ("Morrison" or "Plaintiff") (Docs. 52, 55, 59, 60, and 67), as well as Plaintiff's motion for default judgment, (Doc. 66), a motion to stay, (Doc. 71), and a motion to redact certain exhibits (Doc. 89). Additionally before the Court are Defendant's motion to strike Plaintiff's Exhibits 8 and 12 (Doc. 78), and his motion to strike Plaintiff's Exhibit 9 (Doc. 79). The motions have been fully briefed and are ripe for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 20 U.S.C. § 636(c). (Doc. 21). For the reasons stated below, Defendant's motion for summary judgment will be granted.

**I.      Background**

On November 11, 2013, Defendant, a police officer with the Florissant Police Department, was assigned to investigate allegations that Plaintiff Morrison had sexually abused, raped, and sodomized his daughter. During the course of the investigation, Florissant officers seized computers, CD's, DVD's, and other electronic equipment from Morrison's residence, pursuant to

a search conducted with written consent obtained from Morrison's then wife. During his criminal case, Morrison filed a motion to suppress the evidence seized from his residence, as well as additional evidence voluntarily presented to the police by Morrison's wife. After a hearing, the court denied the motion to suppress on the merits. On June 29, 2015, Morrison pled guilty to multiple counts of child pornography, first degree child molestation, statutory rape, statutory sodomy, and sexual exploitation of a minor. *See State v. Herbert Morrison*, Case No. 13SL-CR11557-01 (21st Jud. Cir. June 29, 2015). On August 10, 2015, the 21st Judicial Circuit Court of St. Louis sentenced Morrison to a total of thirty years' incarceration.

Subsequently, Plaintiff filed this suit under 42 U.S.C. § 1983 against Officer Hale, who was the arresting officer in connection with the underlying arrest and conviction. Morrison accuses Officer Hale of unreasonable search and seizure, abuse of process, theft, and conspiracy to commit excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution. All of these claims arise from events that occurred during the arrest and prosecution of Morrison. Specifically, in his amended *pro se* complaint, Plaintiff brings the following Counts[1] against Defendant in his individual capacity: Count I—Unlawful Seizure of Cell Phone; Count II—Unlawful Search of Residence; Count III—Unlawful Seizure of Property from Residence; Count IV—Conspiracy to Search CD/DVD Discs; Count V—Unlawful Arrest; Count VI—Unlawful Seizure of $150.00 From Wallet; Count VII—Conspiracy to Commit Excessive Force; Count VIII—Unlawful Search Warrant; Count IX—Unlawful Search of DVD; Count X—Conspiracy to Conceal Unlawful Search of DVD; Count XI—Unlawful Search of DVD's and Thumb Drive; Count XII—Conspiracy Between Officer Hale and Prosecutor to Conceal Unlawful

---

[1] The complaint contains seventeen paragraphs. For purposes of clarity, the Court will refer to each paragraph as a separate Count against Defendant

Searches; Count XIII—Unlawful Seizure of Disc; Count XIV—Unlawful Seizure of MacBook Pro; Count XV—Unlawful Seizure of Data from MacBook Pro; Count XVI—Manufacture of Evidence to Conceal Unlawful Seizure of Disc; and, Count XVII—Conspiracy between Officer Hale and Defendant's Former Wife Regarding Unlawful Seizures. Plaintiff seeks damages of $150.00 that was allegedly stolen from his wallet during arrest; $2,000.00 for loss of data from his cell phone; $75,000.00 in punitive damages; and filing fees of $350.00.

## II. Legal Standard

The standard for summary judgment is well settled. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). The movant "bears the initial responsibility of informing the district court of the basis for its motion" and must identify "those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.* at 324. "On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

The nonmoving party must articulate and substantiate specific facts showing a genuine issue of material fact. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of fact is genuine when "a reasonable jury could return a

verdict for the nonmoving party" on a factual issue. *Id*. at 248. To establish the existence of a genuine issue of material fact, "[a] plaintiff may not merely point to unsupported self-serving allegations." *Bass v. SBC Commc'ns, Inc.,* 418 F.3d 870, 872 (8th Cir. 2005). To survive a motion for summary judgment, the nonmoving party must "substantiate his allegations with sufficient probative evidence that would permit a finding in his favor based on more than mere speculation, conjecture, or fantasy." *Smith v. International Paper Co.* 523 F.3d 845, 848 (8th Cir. 2008). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007). "The mere scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added); *Davidson & Assoc. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005). Evidence that is "merely colorable" or "is not significantly probative" is insufficient. *Anderson*, 477 U.S. at 249-50; *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011).

**III.    Discussion**

    A.    Motion to Strike

The Court will first address Defendant's motion to strike Plaintiff's Exhibit 9.[2] (Doc. 79). Morrison submitted, in opposition to Defendant's motion for summary judgment, a document entitled, "Affidavit[3] of Herbert W. Morrison, Jr. in Support of Prisoner Civil Rights Complaint

---

[2] Also before the Court is Defendant's motion to strike Plaintiff's Exhibits 8 and 12. Defendant moved to strike those Exhibits because they contained the full name of the minor victim in Plaintiff's underlying criminal conviction, in violation of Local Rule 2.17. However, immediately upon Plaintiff's filing of these Exhibits, the Court noted the violation and placed the documents under seal. Accordingly, Defendant's motion was rendered moot.

[3] As the purported affidavit is not notarized, it cannot be treated for purposes of summary judgment as a valid

4

Under 42 U.S.C. § 1983." (Doc. 77-2). Defendant asks the Court to strike the "Affidavit" because it fails to meet the requirements of 28 U.S.C. § 1746, as it is undated,[4] and, in the alternative, because it is based on speculation and conjecture rather than personal knowledge. Plaintiff responded to Defendant's Motion to Strike, asserting that the "Affidavit" was based entirely on his personal knowledge.

As an initial point, the Court must address a procedural issue. Defendant moves the Court to "strike" the declaration of Morrison, but "[t]his Court has generally restricted the use of motions to strike to material contained in pleadings." *Shea v. Peoples Nat'l Bank,* No. 4:11CV1415 CAS, 2013 WL 74374, at * 1 (E.D .Mo. Jan. 7, 2013) (citing cases); *see also Khamis v. Bd. of Regents, Se. Mo. State Univ*., No. 1:09-CV-145-RWS, 2010 WL 1936228, at *1 (E.D. Mo. May 13, 2013) ("A motion to strike is properly directed only to material contained in pleadings.") (quoting *Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc*., No. 4:07-CV-1719-CAS, 2008 WL 2518561, at *1 (E.D. Mo. June 19, 2008)); Fed.R.Civ.P. 12(f) (permitting the Court to strike certain materials "from a pleading"). Pursuant to Federal Rule of Civil Procedure 7(a), a declaration, such as the "affidavit" submitted by Morrison, is not a pleading, and a motion to strike is therefore not

---

affidavit. *See* Fed. R. Civ. P. 56(e).

[4] Although unsworn declarations may be treated as equivalent to sworn affidavits for purposes of a summary judgment motion pursuant to 28 U.S.C. § 1746, this is only under limited conditions: such declarations must, to be considered as evidence, be signed, dated, and include a statement attesting that "under penalty of perjury . . . the foregoing is true and correct." 28 U.S.C. § 1746. Therefore, 28 U.S.C. § 1746 expressly requires that an unsworn declaration must be dated to be admissible. Because Morrison's declaration is not dated, technically it is inadmissible on the present motion, and many courts have refused to consider such defective declarations for that reason. *See, e.g., Wells v. Cramer,* 262 Fed. Appx. 184, 187 (11th Cir. 2008) ("Federal law ... does provide an alternative to making a sworn statement, but requires that the statement include a handwritten averment, signed and dated, that the statement is true under the penalties of perjury.); *Counts v. Kraton Polymers, U.S., LLC,* 260 Fed. Appx. 825, 830 (district court did not abuse its discretion by striking undated declaration). However, the Court is not inclined to exclude Morrison's declaration in its entirety for a relatively minor issue, particularly where, as here, he is *pro se*. By the text of the statute itself, substantial compliance is sufficient for admissibility. 28 U.S.C. § 1746; *accord Pieszak v. Glendale Adventist Medical Center*, 112 F.Supp. 2d 970, 999 (C.D. Cal. 2000).

applicable to the declaration. Thus, the Court will deny Defendant's motion to strike Morrison's declaration.

However, as Defendant correctly points out, Rule 56(c)(4) requires that a "declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Therefore, in ruling on Defendant's summary judgment motion, the Court will disregard any portions of the declaration that are not based on personal knowledge, or that contain hearsay or otherwise inadmissible evidence. *See, e.g., Khamis*, 2010 WL 1936228, at *1. After careful review of Morrison's 28 page declaration, the Court finds that it contains very few statements actually based on personal knowledge. The declaration is replete with conjecture and speculation as to what Morrison thinks may have happened in any given circumstance. For example, Morrison frequently provides a narrative concerning something he surmises might have happened, and about which he could not possibly have first-hand knowledge, and then explicitly states that his declaration is based on what he "concludes" must have occurred. (Doc. 77-2 at 5, 7, 8, 11, 13, 15, 18, and 22). However superior Morrison's skills of deduction may be, they cannot transform what Plaintiff "concludes" may have happened into a declaration based on personal knowledge. Accordingly, the Court will consider only the portions of his declaration that are based on Plaintiff's personal knowledge.

B. *Heck v. Humphrey* Bars Counts I-V and VIII-XVII

Defendant argues that Counts I-V and VIII-XVII of Plaintiff's amended complaint are barred from review by this Court by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court of the United States held that:

> In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, at 486-87. The Supreme Court stated that one reason, among others, for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. *Id.* at 484.

As noted above, in Counts I-V and VIII-XVII, Morrison alleges that Defendant illegally arrested him, illegally searched his residence, illegally seized various items of electronic evidence of the crimes to which Morrison subsequently pled guilty, illegally searched those electronic devices, and conspired with another detective, the prosecutor, and Morrison's former wife in order to successfully carry out and cover up these allegedly illegal searches and seizures. These claims attack the validity of consent given prior to the initial search of Morrison's residence, as well as the validity of the warrants pursuant to which later searches were performed. The evidence discovered during these searches provided the factual basis pursuant to which Morrison pled guilty. Therefore, it is clear that a decision favorable to Morrison with respect to these allegations would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. Additionally, Morrison has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. To the contrary, Morrison's motion for post-conviction relief, in which his only claim was related to ineffective assistance of counsel, was denied by the Missouri Court of Appeals. *See Morrison v. State of Missouri*, Missouri Court of

7

Appeals, Case No. ED105000.[5] Plaintiff has filed a petition for habeas corpus with the federal district court, which is currently pending. *See Morrison v. Lewis,* Eastern District of Missouri, Case No. 1:18-CV-00032-DDN. Therefore, Morrison's conviction and sentence has not been reversed or otherwise expunged, and Counts I-V and VIII- XVII may not be considered by this Court under the doctrine of *Heck v. Humphrey*.

    C.    Counts I-V and VIII-XVII are Barred by Collateral Estoppel

Defendant also argues, in the alternative, that Counts I-V and VIII-XVII are barred by the doctrine of collateral estoppel, as the state court already considered and ruled against Morrison's assertion that the search and seizure of evidence in his case violated his Fourth Amendment rights. The Court agrees. As explained by the Supreme Court in *Allen v. McCurry*, 449 U.S. 90 (1980), "[t]he federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. As this Court and other courts have often recognized, res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id*. at 92 (internal citations omitted).

This deference to prior adjudication extends not only to antecedent decisions of federal courts, but to those of the state courts as well. Under the federal full faith and credit statute,

---

[5] The Court takes judicial notice of the state court file. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (district court may take judicial notice of public state records).

"judicial proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State . . .." 28 U.S.C. § 1738 (1988). It has also long been established that prior state adjudications are given preclusive effect even in later federal § 1983 actions, and thus, collateral estoppel may work to bar a search-and-seizure question already decided against a criminal defendant in state court. *McCurry*, 449 U.S. at 104; *see also Simmons v. O'Brien*, 77 F.3d 1093, 1096 (8th Cir. 1996) (collateral estoppel applies when § 1983 plaintiff attempts to relitigate in federal court issues decided against him in state criminal proceedings). Thus, federal courts must give preclusive effect to state court judgments in similar circumstances.

The scope of the preclusive effect is governed by the law of the state from which the prior judgment emerged. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). The Court looks, then, to Missouri law in determining the preclusive effect given to the state trial court's decision to deny Morrison's motion to suppress evidence allegedly obtained in violation of the Fourth Amendment. *See Baker v. McCoy*, 739 F.2d 381, 384 (8th Cir. 1984). In Missouri, issue preclusion will apply when: (1) the issue in the present action is identical to the issue decided in the prior adjudication; (2) the prior adjudication resulted in judgment on the merits; (3) the party against whom issue preclusion is asserted was a party or is in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *See Shahan v. Shahan*, 988 S.W.2d 529, 532-33 (Mo. 1999).

The Court finds that the doctrine of collateral estoppel bars Counts I-V and VIII-XVII. After careful review of the motion to suppress filed by Morrison in state court, as well as the

transcript of the suppression hearing and the Order and Judgment denying Morrison's motion, the Court finds that the four elements outlined in *Shahan* are clearly met in this case. Morrison raised the issues now asserted in these Counts in his state suppression hearing, at which he was, of course, a party, and at which he was represented by counsel, was afforded a full and fair opportunity to litigate the claims now raised in his § 1983 action, and the motion was denied on the merits. Therefore, the doctrine of collateral estoppel prevents Morrison from now maintaining his Fourth and Fourteenth Amendment claims in Counts I-V and VIII-XVII against Officer Hale, and Defendant is entitled to summary judgment on these claims.

        D.        Qualified Immunity Applies with Respect to Counts I-V and VIII-XVII

Officer Hale also asserts that he is entitled to qualified immunity on Counts I-V and VIII-XVII. "Qualified immunity protects a government official from liability in a Section 1983 action unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known." *Henderson v. Munn*, 439 F.3d 497, 501 (8th Cir. 2006). "To overcome the defense of qualified immunity, a plaintiff must show: "(1) the facts . . . demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." *Howard v. Kansas City Policy Dep't*, 570 F.3d 984, 988 (8th Cir. 2009).

The Court agrees with Defendant's argument that qualified immunity applies with respect to Plaintiff's claims that Officer Hale violated his constitutional rights when executing the various searches and seizures carried out while investigating the multiple sex crimes of which Morrison was accused. All the complained of searches and seizures were performed pursuant to the voluntary consent given by Morrison's then wife, who resided with Morrison during the time at

issue, or were performed in good faith reliance on a valid search warrant. It is well established that the Fourth Amendment's prohibition on warrantless entry into a residence does not apply when voluntary consent has been given. *See Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990). It is equally well settled that consent to search may be validly given by a person who possesses "common authority" over the premises searched, such as Morrison's wife and co-resident, and such consent is valid even when an absent, non-consenting person objects to such consent. *See United States v. Matlock*, 415 U.S. 164, 170 (1974). Furthermore, the Eighth Circuit has held that an officer who executed a warrant in good faith belief that the warrant was valid did not violate the Fourth Amendment, and is entitled to qualified immunity. *See Walden v. Carmack*, 156 F.3d 861, 870 (8th Cir. 1998). Under the circumstances in this case, Plaintiff has not shown that Officer Hale violated his well-established constitutional or statutory rights when conducting the searches and seizures at issue, and Defendant is entitled to summary judgment on the basis of qualified immunity on Counts I-V and VIII-XVII.

E.   Count VI—Unlawful Seizure of $150.00

In Count VI of his amended complaint, Morrison alleges that Officer Hale "stole $150.00 belonging to Plaintiff." In Morrison's declaration, he further clarifies this assertion, alleging that when he was taken into custody his wallet contained $150.00, but that the wallet was empty when it was returned to him. It should be noted, first of all, that there is no evidence of record, other than Plaintiff's assertions, that there was any money in Plaintiff's wallet at all during the time in question. However, taking the facts in the light most favorable to Plaintiff, the Court will assume that his wallet contained some cash when he was taken into custody.

In Morrison's declaration, he never states that he observed Officer Hale taking money from

his wallet. Rather, he offers his supposition as to what may have happened, stating that based on Morrison's "observations of Defendant Hale's cummulative [sic] and permeating illegal conduct, Plaintiff concludes that subsequent to Defendant Hale taking custody of Plaintiff's wallet, but prior to Officer Stipanovich taking custody of Plaintiff's wallet, Defendant Hale removed Plaintiff's $150.00 for the purpose of permanently depriving Plaintiff of his money." (Doc. 77-2 at 15). Even if Morrison's speculation about what may have happened were enough to establish a question of material fact, and it is not, Morrison does not even assert that Officer Hale was the last person he saw in possession of his wallet. In his declaration, Morrison states that he last saw his wallet being held by a different officer entirely. Morrison's self-serving speculation as to what happened to any money that may have been in his wallet is nothing more than conjecture, and is not sufficient to establish the existence of a genuine issue of material fact. *See Thomas*, 483 F.3d at 527 ("Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment."). Defendant is entitled to summary judgment on Count VI of the amended complaint.

      F.      Count VII—Conspiracy Claim

With respect to Morrison's claim under Section 1983 for conspiracy, made in Count VII of the amended complaint, the Court concludes that there are no facts under which the Court can find a "meeting of the minds" sufficient to support a conspiracy claim. To prove a Section 1983 conspiracy claim, Plaintiff must establish: "(1) that the defendant[s] conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured [him]." *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008). "[T]he plaintiff must allege with *particularity*

and *specifically demonstrate* with material facts that the defendants reached an agreement." *City of Omaha Employees Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989) (emphasis added) (citations omitted). The bare, unsupported allegation that defendants must have conspired "is obviously not sufficient to nudge a conspiracy claim across the line from conceivable to plausible." *Lawrence v. City of St. Paul*, 740 F.Supp.2d 1026, 1050 (D. Minn. 2010). "[A]llegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a 'meeting of the minds.'" *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985) quoting *Smith v. Bacon*, F2d 434, 436 (8th Cir. 1983)).

Morrison alleges that Officer Hale conspired with "two unknown males" to subject him to unreasonable force. (Doc. 23 at 7-8). Morrison further alleges that Officer Hale engaged in an "overt act in furtherance of the conspiracy by taunting Plaintiff" prior to the attack. In his declaration, Morrison attempts to clarify these allegations, stating that during his custodial interview conducted by Officer Hale, Hale "launched into a [sic] invective driven tirade excoriating Plaintiff," which concluded with Officer Hale allegedly telling Morrison that he was going to receive a beating. (Doc. 77-2 at 16). Morrison further alleges that sometime later, when he was being transferred to a different location for booking, he was attacked and beaten by two unknown males. Morrison states that due to the alleged beating, he "reasonably concludes that outside of Plaintiff's presence, Defendant Hale conspired with the two unidentified officers to subject Plaintiff to unreasonable force." *Id*. at 18. It is important to note what Morrison does not allege—he does not allege that he saw or heard Officer Hale discuss with anyone a plan to have him beaten; he does not allege that he saw Officer Hale in the presence of the two unidentified males; and, he does not allege that the unidentified males stated or alluded that any other person

13

encouraged or instructed them to harm Plaintiff. Even if the Court credits as true everything Plaintiff alleges, the allegations are not sufficient to "nudge [his] conspiracy claim across the line from conceivable to plausible." *Lawrence,* 740 F.Supp.2d at 1050. Morrison has not alleged facts with sufficient specificity and factual support to adequately suggest the required "meeting of the minds" necessary to show that Officer Hale conspired with anyone to use excessive force against Morrison. *Deck*, 771 F.2d at 1170. Defendant is entitled to summary judgment on Count VII of the amended complaint.

G. Discovery Motions

The Court will now address the numerous discovery motions that remain outstanding. Plaintiff's Motion for Extension of Time to File a Reply (Doc. 52), is denied as moot, as it was filed in connection with a motion already ruled upon by the Court. Plaintiff's Motion to Compel (Doc. 55) is denied, as Defendant responded to all requests contained therein[6] (Doc. 57), rendering the motion to compel moot. Plaintiff's Motion for Leave to Amend Secondary Motion for an Order Compelling Discovery (Doc. 59) is likewise rendered moot by Defendant's production of the requested information (Doc. 61). Plaintiff's Motion for Leave to File Revised Motion for an Order Compelling Discovery (Doc. 60), which the Court is interpreting as a motion to reconsider its order on a prior discovery motion (Doc. 58), is denied. The Court carefully considered the request in its previous order, and finds no reason to reconsider its prior determination that the requested information is not relevant to Plaintiff's claims. Finally, Plaintiff's Motion for Extension of Time

---

[6] Plaintiff apparently, as evidenced by his multiple motions to compel, takes issue with the sufficiency of Defendant's responses. Plaintiff simply does not appear to believe that Defendant has complied. However, there is no evidence before the Court that calls into question the veracity of defense counsel's assertions regarding full compliance, to the extent possible, with all Plaintiff's discovery requests.

to File Reply to Defendant's Response to Plaintiff's Amended Secondary Motion for an Order Compelling Discovery (Doc. 67) is denied as moot.

H. Motion for Default Judgment

Plaintiff filed a Motion for Default Judgment (Doc. 66) pursuant to Rule 37 of the Federal Rules of Civil Procedure. In his motion, Plaintiff alleges that Defendant failed to comply with this Court's order (Doc. 58), in which this Court ordered Defendant to answer one of Plaintiff's interrogatories by providing Plaintiff with the names of each person who escorted Morrison to the Florissant holding facility on November 11, 2013. Plaintiff asserts that in light of this alleged defiance of the Court's order, he is entitled to default judgment as an appropriate sanction against Defendant.

Rule 37(b)(2) of the Federal Rules of Civil Procedure allows the Court to impose sanctions on parties who fail to comply with discovery orders, but a default judgment may only be considered as a sanction if there is: (1) an order compelling discovery; (2) willful violation of that order; and (3) prejudice to the other party. *See Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000). Further, "a district court has wide discretion to impose sanctions for a party's failure to comply with discovery requests." *United States v. Big D Enterprises, Inc.,* 184 F.3d 924, 936 (8th Cir. 1999). However, "[t]he court's discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just.'" *Hairston v. Alert Safety Light Prods., Inc.,* 307 F.3d 717, 719 (8th Cir. 2002). The law generally disfavors default judgments, and the entry of a default judgment "should be a rare judicial act." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015).

Plaintiff, in his motion, asserts that Defendant's response to the interrogatory at issue "consists of irrelevant and unsolicited information." However, the Court has reviewed Defendant's

15

response and finds the information to be responsive in that it contains the name of each officer known to have been involved in Plaintiff's booking at the Florissant Police Department.[7] Furthermore, Defendant has filed an affidavit with the Court in which he attests that his answer to Plaintiff's interrogatory is true and correct. (Doc. 70-1). Therefore, the Court concludes that there has been no failure to comply with a discovery request, and no violation of the related court order. Thus, no cause for any sanction has been shown, and Plaintiff's motion for default judgment will be denied.

## IV. Conclusion

For the foregoing reasons, Defendant is entitled to summary judgment on all Counts of Plaintiff's amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. 63) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to File Reply (Doc. 52) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (Doc. 55) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Secondary Motion for an Order Compelling Discovery (Doc. 59) is **DENIED** as moot.

---

[7] Defendant, in his answer to Plaintiff's interrogatory, stated in pertinent part that "Plaintiff was arrested by Florissant Police Department Sgt. Andrew Hale. . . Department Detective Timothy Sweeso may have helped facilitate Plaintiff's transfer . . . Plaintiff was booked at the Florissant Policy Department holding facility by Matthew Bohn . . . Florissant Police Department Officer John Stanczak transported Plaintiff to the St. Louis County Jail, where he was processed by St. Louis County Officer Castaldi."

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Revised Motion for an Order Compelling Discovery (Doc. 60) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 66) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to File Reply to Defendant's Response to Plaintiff's Amended Secondary Motion for an Order Compelling Discovery (Doc. 67) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay (Doc. 71) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Exhibits 8 and 12 (Doc. 78) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Exhibit 9 (Doc. 79) is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Redact Exhibits (Doc. 89) is **DENIED** as moot.

An appropriate judgment shall accompany this Memorandum and Order.

Dated this 19th day of March, 2019.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE